23 0674 the people of the state of illinois appley versus brandon dunkleberger appellant thank you um ms surya narayanan did i get any we're close on that you are very close would you like to begin yes good afternoon your honors may it please the court my name is vaidehi surya narayanan and i am an assistant appellate defender at the office of the state appellate defender i represent mr brandon dunkleberger the defendant in this appeal today i will ask this court to vacate mr dunkleberger's guilty plea because at the time of the plea the trial court did not admonish him to the elements of aggravated domestic battery as required under the united states supreme court decision in stump and therefore his plea was not knowingly and intelligently made moreover there's no showing in the record that defense council cured this error by explaining the elements of aggravated domestic battery to mr dunkleberger mr dunkleberger was charged with two counts a class 2 felony aggravated domestic battery and a class 4 felony domestic battery the lesser domestic battery charged alleged great bodily harm to the complainant and mr dunkle's prior criminal history whereas the higher class 2 felony aggravated domestic battery charge was based on strangulation however the charging instruments for both counts alleged that mr dunkleberger strangled the complainant despite the strangulation only being an element to the higher class 2 felony at his first appearance mr dunkleberger expressed some confusion over the charges saying so i have a class 2 felony they're not both class 4s when the public defender was later appointed a formal reading of the charges was waived on december 21st 2022 mr dunkleberger entered a partially negotiated guilty plea to the higher aggravated domestic battery the circuit court admonished him it is my understanding you want to plead guilty to aggravated domestic battery this is a class 2 felony mr dunkleberger later moved to withdraw his guilty plea and at the hearing defense council testified that mr dunkleberger was charged with aggravated domestic battery alleging strangulation and stated well i know that the strangulation makes the offense a class 2 felony under these circumstances mr dunkleberger's plea was not knowingly and intelligently made in henderson the supreme court affirmed a district court's finding in a habeas review that the state court erred in not informing the defendant of the elements of the offense of second-degree murder and the that the defendant's plea was involuntary and had to be set aside 27 years later in stump the supreme court reiterated henderson's ruling that a guilty plea is not knowingly and voluntarily made when a defendant is not informed by the trial court of the nature of the charges including the elements of the offense here at the time of the plea mr dunkleberger was not informed by the trial court of the elements of aggravated domestic battery therefore under stump his plea was not knowingly and intelligently made the stump court has indicated that this error error can be cured by some showing in the record that defense council explained the elements of the offense to mr dunkleberger that did not happen here there is no evidence in the record that defense council explained the elements of aggravated domestic battery to mr dunkleberger i recognize that this may just inquire were the elements set forth in the statutory sorry in the factual basis yes and no i know they weren't characterized as elements but the defendant was aware that it was alleged that he had committed these quote-unquote elements correct yes your honor strangulation was alleged in the factual basis however there is an issue where the charging instruments for both the class 4 felony and the class 2 felony alleged strangulation so it wasn't clear that the strangulation was specifically attributed to the class 2 offense but it was because when the when the court and the defendant had a discussion about the class it was made clear to him that he was pleading to a class 2 not a class 4 yes your honor it was clear that he was pleading to a class 2 but it was not clear that he was pleading to uh the class 2 because of the strangulation it was never made clear that the strangulation was a part of the class 2 felony and not the class 4 felony and that's the crux of the issue is that the elements were not made clear to mr dunkleberger i recognize this court's previous decision in stone that the state cites as its support in the argument that the obligation is best left for the defense council to explain the elements of the offense to the defendant however the supreme court was clear that the obligation to inform the defendant of the elements of the offense belongs to the trial court what why is tell us what specifically is wrong with stone what did they get wrong your honor the what stone specifically was what was wrong with stone was that it did not recognize that if the defense council explains the elements to the defendant there needs to be a showing in the record that defense counsel explained this to him if there's no showing then under stump we cannot presume that the elements of the offense were explained to the defendant so there needs to be either the trial court admonishes the defendant or there's a showing in the record specifically that the defense council explained the elements of the defendant and here the issue is mr dunkleberger was not admonished to the elements by the trial court and there's no showing on the record that defense council explained the elements of defense to uh mr dunkleberger so is your is your case your argument is it an ineffective assistance of council argument or is it a 402 deficiency argument no your honor it is a 402 it it is not an ineffective assistance of council argument our argument is that the trial court erred in not informing mr dunkleberger the elements of the offense specifically regarding defense council this he defense council could have cured this error by explaining the elements to mr dunkleberger however ultimately the obligation does belong to the trial court to admonish mr dunkleberger is your art now i recognize that jackson came before stump but doesn't but we're required to follow jackson as an appellate court arguably does jackson stand for the proposition that trial courts do not have an obligation to instruct as to the elements under 402 yes your honor jackson has that proposition however my argument is that this appellate court must follow stump because stump relies on henderson and henderson essentially federalizes it relies on the con it attributes this requirement to the constitution so because of that we should this court should be following stump's ruling and henderson's as well that a trial court is obligated to admonish the defendant to the elements of the offense so at this point you may all be thinking why is this a problem what is why does this specifically matter in this case well if the circuit court properly admonished mr dunkleberger to the elements of aggravated domestic battery it could have cured the flawed procedure that likely confused mr dunkleberger mr dunkleberger expressed confusion on why he was charged with a class 2 felony and a class 4 felony rather than two class 4 felonies a formal reading of the charges was waived and at the hearing on the motion to withdraw the guilty plea defense council testified well i know that the strangulation makes the offense a class 2 felony yet the charging instrument alleges strangulation for both charges the class 2 and class 4 felony and during the factual basis the state alleges that mr dunkleberger struck the complainant upon the head despite not that not being an element of the class 2 aggravated domestic battery moreover the mental state required for aggravated domestic battery intentionally strangling the complainant was not made clear during the factual basis mr dunkleberger is not a lay person he's not familiar with the law as lawyers and judges with the information provided to him he did not understand that strangulation was only an element of the class 2 felony and not the class 4 moreover can i ask a question um the strangulation could be part of the basis for both a class 4 or a class 2 the state whether they want to use the act of strangulation to up the possible penalties in charge of class 2 versus class 4 but there's nothing would you agree there's nothing preventing the act of strangulation from being an element of both and then the state gets to choose you know what's this guy's criminal history let's just go with a class 4 it's his first now this is the third one this guy let's go let's go for everything let's let's charge the class 2 but the act itself can be an element in both which means there's no confusion yes your honor it can be an element for both however in this case the state was specifically charging the class 4 with aggravated based on aggravated bodily injury and the defendant's prior history but threw in the strangulation into the charging instrument whereas the class 2 was charging the strangulation so while in a different case the state could have made that choice here they did not do that however the charging instruments did not make that clear and mr dunkelberger was never admonished to the elements of the offense so he did not as well know the difference between the two charges and why the state was charging him with the class 4 and the class 2 along with that there's nothing to rule out here in this case that this was a domestic battery case because the elements of the two charges were muddled in the proceedings and the circuit court did not admonish him to the elements of the defense mr dunkelberger could not even explore his options or be aware of the possibility that this was uh just a domestic battery case and to circle back to stump a bright line rule such as the one that the supreme court reiterated in stump is truly for the benefit of the courts and efficient administration of justice by requiring the trial courts to admonish the defense criminal defendants to the elements of the offense at the time of the plea the reviewing courts can avoid the burden of having to scour the record to determine what the defendant knew at the time of the plea but here because the circuit court failed to admonish mr dunkelberger to the elements of the of aggravated domestic battery there's no showing in the record that defense counsel cured this and there's no showing in the record that defense counsel cured this error by telling mr dunkelberger the elements of the offense mr dunkelberger's plea was not knowingly and intelligently made i recognize that this issue was not raised in the trial court proceedings below however as this is an error that was so serious that it affected the fairness of the proceedings and challenged the integrity of the judicial process it should be addressed under plain error review if your honors have no questions mr dunkelberger respectfully asked this court to vacate his guilty plea are there any further questions at this time thank you thank you um mr trejo did i please you did you did uh may it please the court counsel adam that i hold on behalf of the people of the state of illinois i've never done this before but the state doesn't have anything additional to add other than what um was what was already analyzed within its brief and it stands by its brief uh does this court have any questions regarding its arguments um mr other than yes isn't there an argument that stone is wrongly decided i mean jackson came before stump stone says what it says but it seems to ignore the requirement that the record somehow demonstrate that the defendant was informed about the elements either from counsel or the court well it is a state's position how i mean stone does not seem so correct to me no it's a state's position that stone and stumps are are harmonious and they're not in contradiction at all because stone didn't disagree with stump's analysis that uh we can look to the record in specifically in regards to what the defendant's attorney told him regarding the elements of okay so let's look let's look to the record show me where there's any suggestion anywhere in this record that the defendant was informed of the elements by his counsel there is none however um this is the state's reading of stump uh stump stump is basically giving defendants um the ability to challenge their plea through strickland through an effective assistance of counsel claim the state is not disagreeing with that i think the analysis would be much different if the defendant attacked his guilty plea under strickland but as defendant has acknowledged uh in their opening uh arguments they didn't raise that and uh the state does point to it in in its brief we'd be in a totally different realm however uh the defendant is challenging it through the trial court's obligations and under rule 402 here the trial court exactly followed what uh rule 4-2 mandated uh again the defendant challenged the wrong avenue using stump you don't challenge you don't use stump and state that rule 4-2 requires more than what it is already written stump is giving defendants the ability to challenge these guilty pleas via strickland that is the state's position and unfortunately the defendant didn't do that here that is not the issue presented here is there i mean is there not a fair argument that when 402 says inform the defendant of the nature of the charge that that after stump must mean more than the name of the charge you're pleading guilty to is aggravated domestic battery that's not what this court stated stump was uh published when this court came out with stone when it explicitly stated rule 402 does not require the trial court to admonish the defendant of the elements of the offense the lower court is down you win under stone i'm just wondering if stone is correct yes absolutely again the lower court is bound to follow the rule and it does not have the power to modify it but even so as uh as this court was questioning the defendant uh uh the uh the factual basis for the plea did give uh the defendant notice to what he was pleading uh pleading guilty to uh he was specifically informed by the trial court that he was pleading guilty to a class 2 felony uh that uh the offense that he uh committed was against a family or household member specifically his paramour uh who he had a child with uh the trial court the factual basis also included the fact that the class 2 included the fact that you uh you woke up your paramour and that you struck her on the head before being held down and you grabbed her by the throat uh the factual basis also stated that defendant choked her to the point where she had difficulty uh breathing these are the facts that constituted the element of the offense he was put on notice to what he uh he was pleading guilty to there was no ambiguity either the type of class or the acts that constituted uh the offense he was put on notice so defendant's argument falls on that basis are there any other questions for mr trejo i agree i do not either thank you okay thank you mr trejo thank you miss saria narayanan um do you have any rebuttal yes i do uh your honor so justice brendan you asked the state if stone was wrongly decided and you noted that the elements of the offense the nature of the offense includes the elements of the offense and you are correct on that and stump the court clearly stated that the nature of the offense includes the elements of the offense so mr trejo's argument that we would be changing rule 402 by requiring the trial court to admonish the defendant to the elements of the offense is incorrect because the elements of the offense is included in the nature of the offense which is what rule 402 uh and moving to the factual basis that the state discusses the factual basis is uh quite muddled in this case as he uh the state noted it the factual basis discusses the strangulation uh the striking upon the head however the striking upon the complainant's head was not an element of the that he is pleading to the class two offense because of specifically the strangulation and that he's not pleading this is the reason why he's not pleading to the class the lesser class four offense moreover the class two offense alleges intentionally strangling the complainant and there's no um evidence in the record that indicates that mr dunkelberger intentionally strangled the complainant even if this even though the state alleges the strangulation it's not clear that it was intentionally done uh because of this the it's intent is intent really an element uh uh yes your honor it is an element and it is important that all the elements are met in this case and that it's clear to the defendant what the elements are and that he is aware of specifically what he's pleading to so he has an understanding of why he's pleading to the class two felony versus the class four or why he decides to plead rather than go to trial if uh there are no other questions i would just like to reiterate that mr dunkelberger requests that this court vacate his guilty plea are there any other questions no not at this time thank you so we thank you both for your arguments this afternoon we'll take the matter under advisement and we'll issue a written decision as quickly as possible the court will now stand in recess until nine o'clock tomorrow morning thank you thank you thank you